NOT FOR PUBLICATION

| RICHARD MULLARKEY | : UNITED STATES DISTRICT COURT |
|---|---|
| Plaintiff, | : DISTRICT OF NEW JERSEY |
| v. | : |
| ROBERT KORNITZER, ANDREW MILLER, and BUDD LARNER CORP. | : Consolidated Case No. 10-6637 (CCC) |
| Defendants. | : |
| | : REPORT AND RECOMMENDATION |

JOSEPH A. DICKSON, U.S.M.J.:

This matter is before this Court for a Report and Recommendation on the motion of Robert Kornitzer, Andrew Miller, and Budd Larner P.C., improperly plead as Budd Larner Corporation, (collectively "Defendants") to dismiss Richard Mullarkey's ("Plaintiff") Complaint[1] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Federal Rule Civil Procedure 78, no oral argument was heard. After considering the submissions of the parties, and for good cause, the recommendation of this Court is set forth for the reasons herein expressed separately below.

I. **Background**

This action stems from Defendants' legal representation of Plaintiff in Plaintiff's matrimonial matter. Plaintiff alleges that Defendants participated in a fake trial and abandoned him mid-trial, which resulted in Plaintiff fraudulently losing his home and being forced into

---

[1] Plaintiff filed his Complaint on December 21, 2010, and filed an "Amended Complaint" on April 12, 2011. Although normally an Amended Complaint supersedes the previous Complaint as the operative complaint in the matter, in this instance it appears that the *pro se* Plaintiff's "Amended Complaint" is more appropriately considered an addendum to the original Complaint. For purposes of clarity, the Court will use Complaint to refer to both filings.

1

bankruptcy. In his complaint, Plaintiff alleges that Defendants violated his civil rights, due process rights, and the federal consumer protection law.

Following a conference on June 20, 2011, Judge Shwartz entered an Order allowing Defendants to file a motion to dismiss based on lack of subject matter jurisdiction and alleged lack of affidavit of merit. Defendants' subsequently filed the instant motion.

## II. Discussion

Federal Rule of Civil Procedure 8(a) provides that a pleading which states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Plaintiff's Complaint contains no such statement. However, this Court is mindful that Plaintiff is proceeding *pro se*, and will therefore review the Complaint to determine whether this Court has subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction, and those limits may not be disregarded." Fessler v. Sauer, No. 11-3022, 2011 WL 6065051, at *3 (3d Cir. Dec. 7, 2011). There are two bases for federal subject matter jurisdiction: diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the amount in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332. It is clear from the face of the Complaint that the parties are all citizens of New Jersey. Accordingly, this Court's jurisdiction cannot be premised on diversity.

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over cases involving a federal question that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not specifically allege any claims under the Constitution, laws, or treaties of the United States, and nowhere in Plaintiff's Complaint does

Plaintiff cite to the Constitution, a federal law, or a treaty. Accordingly, Plaintiff has not asserted a claim that gives rise to federal question jurisdiction.

Plaintiff does allege that Defendants, through their legal representation of Plaintiff, violated his "civil rights of due process," and "federal consumer protection law." Plaintiff's bare boned allegations leave this Court guessing as to what claims he is asserting.[2] As to the alleged violations of his civil rights, this Court assumes that Plaintiff is attempting to assert a claim pursuant to 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, [Plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed *under color of state law*." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (emphasis added). Section 1983 requires state action, and "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. (internal citations omitted). Even with the most generous reading of Plaintiff's Complaint, there are no allegations that Defendants were acting "under the color of law." Therefore, even if the Court is correct in its interpretation of Plaintiff's allegations, the claim would have to be dismissed for failure to state a claim upon which relief can be granted. As to Plaintiff's allegation that Defendants violated the "federal consumer protection law," this Court cannot hazard a guess as to which of the numerous laws aimed at protecting consumers Plaintiff is relying on. Accordingly, even though Plaintiff included language in his Complaint that *may* implicate federal laws, upon a closer reading of the

---

[2] The fact that this Court is left guessing as to what claims are being asserted by Plaintiff illustrates the failure of the Complaint to comply with the pleading requirements as set forth in Federal Rule of Civil Procedure 8 and in the Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) line of cases, and provides this Court with an alternative grounds for dismissal.

Complaint this Court does not find that Plaintiff's assertions confer federal question jurisdiction upon this Court.

Since neither diversity nor federal question jurisdiction has been satisfied, this Court lacks subject matter jurisdiction and the case should be dismissed.

### III. Conclusion

Based on the foregoing, this Court respectfully recommends that the District Court grant Defendants' motion and dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. Claire C. Cecchi, U.S.D.J.