<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD MULLARKEY,** | |
| **Plaintiff,** | **Hon. Claire C. Cecchi** |
| **v.** | **Civil Action No. 10-6637 (CCC)** |
| **ROBERT KORNITZER, et al.,** | <u>**Opinion**</u> |
| **Defendants.** | |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before this Court on the Application of Plaintiff Richard Mullarkey ("Plaintiff") for the Appointment of *Pro Bono* Counsel.  Pl. App., ECF No. 38.  Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard.  After carefully considering the submissions, and based upon the following, it is the finding of this Court that Plaintiff's Application is **denied**.

I.    <u>**BACKGROUND**[1]</u>

This matter involves a *pro se* litigant's application for appointment of *pro bono* counsel.  On December 21, 2010, Plaintiff submitted a Complaint and an application to proceed *in forma pauperis*. Compl., ECF No. 1. On December 29, 2010, Plaintiff's application to proceed *in forma pauperis* was granted.  *See* Order, ECF No. 2.   Subsequently, on April 12, 2011, Plaintiff filed an Amended Complaint.[2]  *See* Compl., ECF No. 13.

---

[1] These facts have been taken from the parties' respective submissions.
[2] Although normally an Amended Complaint supersedes the previous Complaint as the operative complaint in the matter, in this instance it appears that the *pro se* Plaintiff's "Amended Complaint" is more appropriately

This action stems from Defendants' legal representation of Plaintiff in Plaintiff's matrimonial matter. Plaintiff alleges that Defendants participated in a "fake trial" and "abandoned him mid-trial," which resulted in Plaintiff fraudulently losing his home and being forced into bankruptcy. Compl., ECF No. 1, 13. Plaintiff claims that the acts of the Defendants violated his civil rights, due process rights, and the federal consumer protection laws. *See id.* Plaintiff has explicitly stated that he is not asserting that the Defendants engaged in legal malpractice, but rather that they engaged in fraud. *See* Pl.'s Answer to Countercl., ECF No. 26.

On June 20, 2011, Plaintiff filed an application for the appointment of *pro bono* counsel. *See* Pro Bono Appl., ECF No. 23. Plaintiff stated that he lacked "the ability to present an effective case without an attorney." *Id.* ¶ 3. Plaintiff also expressed that he tried to hire several attorneys, but the attorneys required retainer fees in excess of what Plaintiff could afford. *See id.* ¶ 4. On July 11, 2011, the Honorable Judge Shwartz, the Magistrate Judge then assigned to the case, denied Plaintiff's application for appointment of *pro bono* counsel. *See* Order, ECF No. 29. Plaintiff subsequently filed a second application for *pro bono* counsel. ECF No. 38.

Thereafter, on February 10, 2012, this Court issued a Report and Recommendation recommending that the District Court grant Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. *See* Report and Recommendation, EFC No. 41. Plaintiff filed an objection to the Report and Recommendation stating that "it would be a miscarriage of justice if [his complaint] was dismissed because of [his] inability to plead [his] case," [3] and requesting the Court to appoint *pro bono* counsel. *See* Pl.'s Object., ECF No. 43.

---

considered an addendum to the original Complaint. For purposes of clarity, the Court will use Complaint to refer to both filings.

[3] The Court notes that the Report and Recommendation did not recommend dismissal on the grounds that the Complaint was improperly plead, but rather that this Court lacked subject matter jurisdiction.

## II.    LEGAL STANDARD

Civil litigants possess neither a constitutional nor statutory right to appointed counsel. *E.g., Parham v. Johnson,* 126 F.3d 454, 456-57 (3d Cir. 1997). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys to represent indigent civil litigants. 28 U.S.C. § 1915(e). In *Tabron v. Grace,* the Third Circuit established the framework for determining whether the appointment of *pro bono* counsel is warranted. *See* 6 F.3d 147, 155, 158 (3d Cir. 1993), *cert. denied,* 510 U.S. 1196 (1994). Before applying the *Tabron* factors, as a threshold matter, the Court must determine that Plaintiff's claim "has arguable merit in fact and law." *Id.* at 155. Assuming there is merit, the Court then considers the *Tabron* factors. These factors include: (1) the plaintiff's ability to present his case; (2) the complexity of the legal issues; (3) the extent of factual discovery, and the plaintiff's ability to investigate and to comply with complex discovery rules; (4) the extent the case may turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether the plaintiff can afford counsel on his own behalf. *Id.* at 155-56.

The Third Circuit has also emphasized, "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e)] indiscriminately." *Tabron,* 6 F.3d at 157. Finally, "we must take note of the significant practical restraints on the district courts' ability to appoint counsel:. . . the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

## III.   **DISCUSSION**

As an initial matter, this Court must first determine whether Plaintiff's Complaint has merit in fact and law. This Court has already issued a Report and Recommendation recommending that the case be dismissed for lack of subject matter jurisdiction. Accordingly, the Court has already found the case to be without merit.[4]  However, even assuming for the purposes of this Opinion only that the case has merit, Plaintiff's application for *pro bono* counsel is denied, as discussed more fully below.

At the outset, the Court notes, as stated above, Plaintiff's first application for *pro bono* counsel was denied by Judge Shwartz on July 11, 2011.  Order, July 11, 2011, ECF 29.  Judge Shwartz provided a thoughtful and well-reasoned analysis of the *Tabron* factors, and found that the factors did not support appointing counsel. *See id.*  In the time between Judge Shwartz's Order denying pro bono counsel and this Opinion, the case has progressed in the following way: Defendants filed a motion to dismiss, which Plaintiff opposed, and this Court issued a Report and Recommendation recommending that the case be dismissed for lack of subject matter jurisdiction. None of these events alter the *Tabron* analysis conducted by Judge Shwartz or suggest that the outcome of Plaintiff's second application should be any different from that of the first. Accordingly, the Court will only briefly address each of the *Tabron* factors.

The first and most "significant of *Tabron*'s post-threshold factors is the plaintiff's ability to present his or her case." *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002); *see also Tabron*, 6 F.3d at 156.  In determining whether Plaintiff can ably represent himself, this Court considers numerous factors.  In making this determination, courts "generally should consider the

---

[4] The Court notes that it makes no finding with regard to whether or not Plaintiff may have some arguable claim he could pursue in *state court*, but rather finds that he has not presented a claim that vests this Court with subject matter jurisdiction, such that he can pursue the claim in *federal court*.

plaintiff's education, literacy, prior work experience, and prior litigating experience." *Id.* Plaintiff has not demonstrated that he will have difficulty presenting his case, and, in fact, the record and Plaintiff's prior litigation experience suggest otherwise. Plaintiff has actively litigated his claims by filing a Complaint, an Amended Complaint, a successful *in forma pauperis* application and an opposition to Defendants' motion to dismiss. In addition, Plaintiff has proceeded *pro se* in at least eight other actions. *See In Re Mullarkey v. Greenberg*, Civ. No. 09-5096 (D.N.J. filed Oct. 6, 2009); *Mullarkey v. Greenberg*, Civ. No. 09-4971 (D.N.J. Sept. 29, 2009); *Mullarkey v. Tamboer*, Civ. No. 09-4518 (D.N.J. filed Sept. 9, 2009); *Mullarkey v. Morris* Civ. No. 06-2605 (D.N.J. filed June 9, 2006); *Mullarkey v. Tamboer,* Civ. No. 05-2594 (D.N.J. filed May 19, 2005); *Mullarkey v. Tamboer*, Civ. No. 05-2010 (D.N.J. filed Apr. 14, 2005); *Mullarkey v. Tamboer*, Civ. No. 03-5747 (D.N.J. filed Dec. 2, 2003); *Mullarkey v. Tamboer*, Civ. No. 01-1976 (D.N.J. filed Apr. 24 2001).   Based on the foregoing, Plaintiff is familiar with Court procedure and is capable of pursuing his claims on his own.

The next factor that must be addressed is the complexity of the legal issues. Complexity supports appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156 (quoting *Macklin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)).   Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." *Parham v. Johnson*, 126 F.3d 454, 459 (3d Cir. 1997). Plaintiff's allegations appear to be based on fraud, and do not involve complex legal analysis. Accordingly, this factor weighs against Plaintiff.

The Court must now consider the extent of factual discovery, and Plaintiff's ability to investigate and to comply with complex discovery rules. There is nothing to suggest that Plaintiff

would be hindered, or in any way unable, to investigate his claims. If the case proceeds, Plaintiff will be able to use all the discovery tools made available to him in the Federal Rules of Civil Procedure to investigate his claims. *See* Fed. R. Civ. P. 26. Therefore, this factor weighs against the appointment of counsel.

Fourth, courts must consider whether the case will be determined by credibility determinations. While credibility is always important, "when considering this factor, courts should determine whether the case [is] solely a swearing contest." *Parham*, 126 F.3d at 460. It is not yet apparent whether or not the case will hinge on credibility determinations. Therefore, at present, the fourth factor weighs against Plaintiff.

The fifth *Tabron* factor asks whether the case will require expert testimony. There is no indication at this stage of litigation that such testimony will be necessary, and thus this factor also weighs against Plaintiff.

The final factor considers whether Plaintiff can attain and afford counsel on his own. Plaintiff qualified for *in forma pauperis* status. Additionally, in his initial application for *pro bono* counsel, Plaintiff stated that he had tried to retain an attorney, but was unable to do so financially. Therefore, this factor weighs in favor of the appointment of counsel.

On balance, the *Tabron* factors weigh against granting Plaintiff's application for *pro bono* counsel. Considered in light of the Third Circuit's admonition that volunteer counsel time is extremely valuable, and should not be appointed indiscriminately, the Court must deny Plaintiff's application.

## IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's application is **denied**.  An appropriate Order accompanies this Opinion.

_____
JOSEPH A. DICKSON, U.S.M.J.

cc:   Hon. Claire C. Cecchi, U.S.D.J.