**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MULLARKEY, | Civil Action No.: 10-cv-6637 (CCC) |
| Plaintiff, | |
| v. | **OPINION** |
| ROBERT KORNITZER, ANDREW MILLER, and BUDD LARNER CORP., | |
| Defendants. | |

**CECCHI**, **District Judge.**

This matter comes before the Court on the motion of Robert Kornitzer, Andrew Miller, and Budd Larner P.C., improperly pled as Budd Larner Corporation, (collectively "Defendants") to dismiss Plaintiff Richard Mullarkey's ("Plaintiff") complaint for lack of subject matter jurisdiction and for failure to file an affidavit of merit ("AOM"). (ECF Docket No. 30). On February 10, 2012, Magistrate Judge Joseph A. Dickson issued a Report and Recommendation that the Defendant's motion to dismiss be granted for lack of subject matter jurisdiction. (ECF Docket No. 41.) On February 24, 2012, Plaintiff filed an objection to Judge Dickson's Report and Recommendation. (ECF Docket No. 43). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court adopts Judge Dickson's February 10, 2012 Report and Recommendation, and grants Defendants' motion to dismiss.

## I. Factual and Procedural History

This action arises from Defendants' legal representation of Plaintiff in his matrimonial action. Plaintiff claims that Defendants mishandled his matrimonial action by allegedly conducting a "fake trial" and "abandoning [him] mid-trial," which allegedly caused him to lose his house and "force[]" him into bankruptcy. (Complaint, ECF Docket No. 1; Amended Complaint, ECF Docket No. 13.) In his complaint, Plaintiff alleges that Defendants violated his civil rights, due process rights, and federal consumer protection laws. (*Id.*) The parties had a conference with Magistrate Judge Patty Shwartz on April 6, 2011. By way of an Order dated April 6, 2011, Judge Shwartz granted Plaintiff an extension of time until June 1, 2011 to file an AOM. (ECF Docket No. 12). As of the date of this Opinion, Plaintiff has not filed an AOM. On June 20, 2011, Plaintiff submitted an application for pro bono counsel that was denied on July 11, 2011. (ECF Docket Nos. 23, 29.) Plaintiff submitted a second application for pro bono counsel on August 16, 2011, (ECF Docket No. 38), which this Court denied on June 25, 2012, (ECF Docket Nos. 45, 46).

On July 20, 2011, Defendants filed a motion to dismiss for failure to serve an AOM and for lack of subject matter jurisdiction. (ECF Docket No. 30.) By way of Report and Recommendation dated February 10, 2012, Magistrate Judge Dickson recommended that this Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction. (Rep. & Rec. at 4.) Plaintiff filed an objection to Judge Dickson's Report and Recommendation on February 24, 2012. (ECF Docket No. 43.)

## II. Legal Standard

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge submits a Report and Recommendation to

the district court.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2).  Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it.  *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).  With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed objections.  28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); *see State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

## III. Discussion

By way of Report and Recommendation dated February 10, 2012, Magistrate Judge Dickson recommended that this Court grant Defendants' motion to dismiss for lack of subject matter jurisdiction.  (Rep. & Rec. at 4.)  Specifically, Judge Dickson found that all of the parties are citizens of New Jersey; therefore, jurisdiction cannot be premised on diversity.  (Rep. & Rec. at 2.)  Furthermore, Judge Dickson concluded that even upon a liberal reading of Plaintiff's complaint, Plaintiff's allegations do not confer federal question jurisdiction upon this Court.  (Rep. & Rec. at 4.)  Accordingly, Judge Dickson found that this court lacked subject matter jurisdiction.  (*Id.*)

As Plaintiff Mullarkey is proceeding *pro se*, the Court will construe his submissions liberally.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers.");

3

*Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004).  Despite the Court's liberal reading of Plaintiff's complaint, however, he has failed to articulate a basis for federal jurisdiction.

Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332.  *Hunter v. Greenwood Trust Co.,* 856 F. Supp. 207, 211 (D.N.J. 1992).  Pursuant to § 1331, federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  This Court has held that "it is insufficient to merely allege a federal statute as the basis for the Court's jurisdiction;" a complaint must state a claim that arises under federal law.  *Abulkhair v. Friedrich,* No. 06-2521, 2006 U.S. Dist. LEXIS 38156, 2006 WL 1644821, at *3 (D.N.J. June 8, 2006).

Here, Plaintiff alleges that Defendants violated his "civil rights of due process" and "federal consumer protection law." (Compl. 1.)  In reviewing Plaintiff's complaint, Judge Dickson assumed the Plaintiff attempted to assert a claim pursuant to 42. U.S.C. § 1983.  (Rep. & Rec. 3.)  In order to state a claim for relief under § 1983, Plaintiff "must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Judge Dickson found that "there are no allegations that Defendants were acting 'under the color of law.'" (Rep. & Rec. 3.)  The Report and Recommendation also stated that "this Court cannot hazard a guess as to which of the numerous laws aimed at protecting consumers Plaintiff is relying on." (*Id.*)  Based on the allegations in the Complaint, Defendants are not state actors nor were they acting under the color of law in their representation of Plaintiff in his matrimonial action.  Furthermore, the Court cannot determine from Plaintiff's Complaint which consumer protection laws Plaintiff relies upon.  Therefore, the

4

Court agrees with Judge Dickson's Report and Recommendation and finds that there is no federal question jurisdiction.

Claims may also be brought in federal district court pursuant to 28 U.S.C. § 1332(a), if the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. However, under § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. *See Brown v. Francis,* 75 F.3d 860, 865 (3d Cir. 1996). Here, the Court agrees with Judge Dickson's conclusion that complete diversity does not exist. (Rep. & Rec. 2.) Based on the face of the Complaint, all parties are citizens of New Jersey. As such, subject matter jurisdiction cannot be based on diversity.

Plaintiff's objection did not provide any substantive basis to reject Judge Dickson's Report and Recommendation. Furthermore, the Court has taken into consideration the fact that Plaintiff is proceeding *pro se* and has read Plaintiff's Complaint and Amended Complaint liberally. The Court finds, however, that Plaintiff's assertions do not confer jurisdiction on this Court. As such, the Court agrees with Magistrate Judge Dickson's Report and Recommendation and grants Defendants' motion to dismiss.[1]

## IV. Conclusion

Having thoroughly reviewed Magistrate Judge Dickson's Report and Recommendation and the parties' submissions, this Court hereby adopts Magistrate Judge Dickson's Report and Recommendation dated February 10, 2012, including the findings of fact and conclusions of law, and thus grants Defendants' motion to dismiss.

---

[1] It should also be noted that Plaintiff failed to file an AOM. However, the Court need not reach this issue, as the case is being dismissed based on lack of jurisdiction.

5

An appropriate Order accompanies this Opinion.


Dated:  July 25, 2012


_____
HON. CLAIRE C. CECCHI
United States District Judge